CHESAPEAKE GUANO Co. *v.* SPARKS, Defendant, and another, Garnishee.[1]

*(Circuit Court, S. D. Georgia, W. D.* October 28, 1883.)

GARNISHMENT OF COLLATERAL SECURITIES.

Where it appears from the answer of a garnishee that he has in hands certain negotiable securities, transferred to him by the defendant as collateral security for a debt before service of the garnishment, and that the securities exceed in amount the debt for which they are collateral, the garnishee is not entitled to an order discharging him absolutely, but he should be directed to hold whatever surplus may remain in his hands after paying his debt, subject to the further order of the court during the pendency of the cause.

The Central Georgia Bank was served with summons of garnishment in this case at the instance of the plaintiff. The bank answered that it was not indebted to defendant, and had no effects of the defendant in its hands except certain negotiable notes of third persons, amounting to $2,000, which had been deposited by the defendant with it as collateral security for a loan of $1,500. The bank asked to be discharged as garnishee.

*T. B. Gresham,* for movant.

*Hill & Harris, contra.*

Before Hon. JAMES W. LOCKE, D. J., presiding by designation.

LOCKE, J., *(orally.)* The application for discharge is based upon section 3551 of the Code of Georgia, 1882, which is as follows: "Col-

[1] Reported by W. B. Hill, Esq., of the Macon bar.

lateral securities in the hands of a creditor shall not be the subject of garnishment at the instance of other creditors."

It is contended that this provision establishes an entire exemption from garnishment in respect to collateral securities held by a garnishee. It is undoubtedly true that the process of garnishment cannot in any way embarrass the creditor holding them, so as to interfere with his title, or impede him in any way from realizing on them. But, subject to this paramount right of the creditor, the residue or surplus in his hands after payment of the debt, belongs to the debtor, the defendant in the action, and may be reached by garnishment.

The provision of the Code must be construed with those modifications which are recognized as limiting the common-law principle, of which the section itself is simply a codification. By the common law the surplus was subject to garnishment. Drake, Attachm. § 539. The section of the Code is itself taken from the decision of the supreme court of Georgia in the case of *Hall* v. *Page*, 4 Ga. 429, in which case the facts were that the debt was $527, and the collateral transferred was a note for $135. The head-note of the case is in the exact language of the section quoted, and it is not to be presumed that the court intended to lay down a rule broader than warranted by the facts before it, that other creditors could not by garnishment reach a collateral less than the debt, nor until the debt was paid; and in the codification adopting that head-note, it can be presumed that the legislature intended to make the rule broader than it was when thus adopted. Any other construction would enable a debtor when sued to put all his *choses in action* beyond the reach of his creditors by transferring them in large amounts as collateral for insignificant sums, which he might borrow for that purpose.

The motion must be denied, and an order will be passed directing the garnishee to retain whatever surplus may remain in his hands after satisfying the debt due it, subject to the further order of the court.